## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GUSTAV J. BUCHHOLZ, on behalf of himself
and all others similarly situated,

        Plaintiff,

v.

CLIENT SERVICES, INC.,

        Defendant.

CLASS ACTION COMPLAINT

CASE NO. 1:18-cv-00354

DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT

NOW comes GUSTAV J. BUCHHOLZ ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of CLIENT SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this this class action on behalf of the Plaintiff and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Michigan.

### PARTIES

1

4.   Plaintiff is a 70 year old natural "person," as defined by 47 U.S.C. §153(39), residing at 17512 North Fruitport Road, Spring Lake, Michigan, which lies within the Western District of Michigan.

5.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because he is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6.   Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d.

7.   Defendant is a corporation organized under the laws of the state of Missouri with its principal place of business located at 3451 Harry S. Truman Boulevard, St. Charles, Missouri.

8.   Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it regularly uses the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another. Defendant identifies itself as a debt collector and has been a member of ACA International, an association of credit and collection professionals, since 1988.[1]

9.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTUAL ALLEGATIONS

11.  On information and belief, Defendant, on behalf of Capitol One, began collecting on an alleged delinquent consumer account ("subject debt") said to be owed by Plaintiff.

---

[1] https://www.acainternational.org/search

12.   The subject debt arose out of past due payments on Plaintiff's personal line of credit, which constitutes a transaction in which money, property, insurance or services, serving as the subject of the transaction, were for personal, family, or household purposes; therefore, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13.   Within the one (1) year preceding the filing of this Complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debt.

14.   On or about September 25, 2017, Defendant mailed or caused to be mailed to Plaintiff a collection or "dunning" notice ("Dunning Notice") via U.S. Mail in an attempt to collect the subject debt from Plaintiff. *See Defendant's Dunning Notice to Plaintiff, attached as Exhibit "A"*.

15.   On this Dunning Notice, Defendant states, "If we are unable to arrange repayment, Capital One will send your account to an attorney in your state for possible legal action."

16.   After receiving the Dunning Notice, Plaintiff has received a series of additional form collection letters ("Collection Letters") from Defendant attempting to collect the subject debt.

17.   These Collection Letters offer Plaintiff a chance to settle the subject debt for roughly half of the purported balance. The Collection Letters go on to state: "Settling your account will prevent it from being reviewed by a law firm for potential legal action. Please note, no decision has been made to sue you." *See Defendant's Collection Letters to Plaintiff, attached as Exhibit "B"*.

18.   Defendant regularly engages in debt collection activity throughout the United States using the same form Dunning Notice and Collection Letters that were sent to Plaintiff.

19.   The Dunning Notice and Collection Letters sent to Plaintiff in the year prior to the filing of the instant action constituted "communication[s]" as defined by FDCPA § 1692a(2).

20.   The language of the Dunning Notice, both in isolation and when read in combination with the Collection Letters, demonstrate that Defendant has threatened to take action which it does not intend to take or which cannot be taken.

21.   The Dunning Notice represents that Capital One, rather than Defendant, is vested with the authority to determine whether the subject debt will be sent to an attorney for potential legal action. However, the Collection Letters sent to Plaintiff misleadingly represent that Defendant has the power and ability to determine whether the subject debt will be referred to an attorney for potential legal action.

22.   The above referenced representations are deceptive, misleading, and constitute unfair collection practices in violation of the FDCPA.

23.   All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

## CLASS ACTION ALLEGATIONS

24.   Plaintiff brings this action on his own behalf and as a class action on behalf of the following class:

> All persons who received a Dunning Notice and Collection Letter during the one year preceding the filing of this action through the date of class certification from Client Services, Inc., that contained an indication in the Dunning Notice that the original creditor "will send your account to an attorney in your state for possible legal action," and that contained language in the Collection Letter stating "[s]ettling your account will prevent it from being reviewed by a law firm for potential legal action. Please note, no decision has been made to sue you."

25.   This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

26.   The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

27.   There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA, particularly because these are form Dunning Notices and Collection Letters based on a common course of conduct by Defendant.

28.   The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

29.   Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

30.   This questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending Dunning Notices to Class Members representing that the original creditor "will send your account to an attorney in your state for possible legal action" followed by Collection Letters stating that "[s]ettling your account will prevent it from being reviewed by a law firm for potential legal action. Please note, no decision has been made to sue you"; (ii) whether Defendant violated the FDCPA by threatening to take action it could not take; (iii) whether Defendant violated the FDCPA by threatening to take action it did not intend to take; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

31.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on

judicial resources and could result in inconsistent or varying adjudications, yet each Class member

would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

**a.  Violations of 15 U.S.C § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any

false, deceptive, or misleading representation or means in connection with the collection of any

debt."

34. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended
> to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to
> collect any debt or to obtain information concerning a consumer."   15 U.S.C.
> §1692e(10).

35. Defendant violated 15 U.S.C. §§1692e, e(5), and e(10), when it misleadingly represented

in its Collection Letters that it had the authority to make a decision concerning whether to take

legal action on the subject debt, when in fact this authority still resided with the original creditor

– Capital One. The Dunning Notice states that in the event Plaintiff and Defendant are unable to

settle the subject debt, "Capital One will send your account to an attorney in your state for possible

legal action." As such, Capital One, as the presumptive owner of the subject debt, is ultimately

vested with the right to initiate review of the subject debt for potential litigation. However, the

language utilized by Defendant on subsequent Collection Letters suggests that Defendant *itself*

ultimately determines whether to send the subject debt to be reviewed by a law firm for potential

legal action. The Collection Letters first outline Defendant's offer to settle the subject debt.

Immediately following the offer of settlement, the Collection Letters state: "Settling your account

6

will prevent it from being reviewed by a law firm for potential legal action. Please note, no decision has been made to sue you." By offering to settle the subject debt, and then stating that, if a settlement is reached, no potential legal action would be taken, Defendant is representing that it has the ability to determine whether to take such action. Such ostensible ability is reinforced in the next sentence of the Collection Letters which state that no decision whether to sue has been made. Stating the absence of such a decision implies that such a decision was properly within Defendant's purview in the first place, which it was not. Therefore, Defendant engaged in false, deceptive, and misleading conduct in attempting to collect the subject debt by threatening to take an action that it cannot take and which it did not intend to take through its misrepresentations as to its ability to initiate legal proceedings against Plaintiff in the event of nonpayment.

36. In the event Defendant was vested with the authority to make a determination as to whether to refer the subject debt to an attorney for potential legal action, Defendant nevertheless violated 15 U.S.C. § 1692e, e(5), and e(10) by threatening to take legal action it did not intend to take. Defendant's Dunning Notice and Collection Letters demonstrate the numerous threats of legal action made by Defendant to Plaintiff. However, upon information and belief, such threats are idly made with the hope that such increased pressure of potential litigation would compel Plaintiff to make payment. The series of Collection Letters suggests that, in the event Defendant's settlement offer is not accepted after a pre-determined amount of time, the offer would be withdrawn and Plaintiff would be faced with the possibility of litigation. However, Plaintiff has received almost monthly Collection Letters from Defendant regarding the subject debt, each containing the same offer of settlement and same language regarding potential court action. As such, it appears as though Defendant makes its litigation threats without intending to carry such threats out.

WHEREFORE, Plaintiff, GUSTAV J. BUCHHOLZ, respectfully requests that this Honorable

Court grant the following:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

c.  Statutory damages under 15 U.S.C. § 1692k(a);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: March 27, 2018                           Respectfully submitted,

s/ Nathan C. Volheim                            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                           Counsel for Plaintiff
Admitted in the W.D. Michigan                   Admitted in the W.D. Michigan
Sulaiman Law Group, Ltd.                        Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200             2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                         Lombard, Illinois 60148
(630) 568-3056 (phone)                          (630) 581-5858 (phone)
(630) 575-8188 (fax)                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com